IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

JACK WILLIAMS,

     Plaintiff,

v.

ARMY AND AIR FORCE EXCHANGE
SERVICE,

     Defendant.

Civil Action No. 3:21-CV-2085

## <u>NOTICE OF REMOVAL</u>

Please take notice that defendant Army and Air Force Exchange Service (AAFES) hereby removes the action pending as Cause No. JS21-20207O in the Justice Court of Dallas County, Texas (Precinct 5, Place 1) to the Dallas Division of the United States District Court for the Northern District of Texas, and as support would respectfully show as follows:

1.     Cause No. JS21-20207O was commenced upon a small claims petition filed by plaintiff Jack Williams on August 5, 2021.  Williams asserts that he has been libeled by AAFES, apparently in connection with past-due funds owed by Williams on an account with AAFES.  (As its name implies, AAFES operates exchange stores on U.S. Army and Air Force installations.  Williams had enrolled in AAFES's "Military Star" credit program, and became delinquent on his account.)  According to Williams, the alleged libel has damaged him in the amount of $4,000.

2.      This action is removable pursuant to 28 U.S.C. § 1442(a)(1), which

authorizes the removal of any "civil action . . . commenced in a State court" against

"[t]he United States or any agency thereof or any officer (or person acting under that

officer) of the United States or of any agency thereof, in an official or individual

capacity, for or relating to any act under color of such office."  This removal provision

applies in this case because AAFES is an instrumentality of the United States within the

U.S. Department of Defense, which is an executive department administered by the

Secretary of Defense.  *See* 10 U.S.C. § 2481 (directing the Secretary of Defense to

"operate . . . a world-wide system of commissary stores and a separate world-wide

system of exchange stores," for the purpose of "enhanc[ing] the quality of life of

members of the uniformed services, retired members, and dependents of such members,

and to support military readiness, recruitment, and retention"); 10 U.S.C. § 2488(f)

(noting that AAFES is a "nonappropriated fund instrumentality," i.e., an "instrumentality

of the United States under the jurisdiction of the armed forces which is conducted for the

comfort, pleasure, contentment, or physical or mental improvement of members of the

armed forces").

3.      The purpose of the section 1442(a)(1) removal provision is to protect the

lawful activities of the federal government from undue state interference.  *See*

*Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969).  Unlike the general removal

statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential*

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has

stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a

narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).  A case may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint.  *See Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).

4.      Here, removal is proper under section 1442(a)(1) because AAFES is an instrumentality of the United States.  Moreover, Williams's claim that AAFES has libeled him arises from AAFES's official acts and duties in connection with its operation of exchange stores, insofar as Williams asserts that AAFES has libeled him in connection with a debt owed to AAFES.

5.      Further, although the text of the statute does not specifically require it, there is caselaw suggesting that removal under section 1442(a)(1) should only occur when the defendant can assert a "colorable federal defense."  *See Mesa v. California*, 489 U.S. 121, 136 (1989).  Courts are divided on whether this requirement should apply when the removing defendant is a federal agency (as opposed to a natural person who is removing the case as a federal officer).[1]  Here, though, the Court need not resolve whether a

---

[1] *Compare Guggenberger v. Starkey Labs., Inc.*, No. 16-2021, 2016 WL 7479542, at 11 n.13 (D. Minn. Dec. 29, 2016) (explaining that such a showing is required in the Eighth Circuit but explaining that there "appears to be a circuit split on the issue"), *with City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389–92 (6th Cir. 2007) (holding that because *Mesa*'s requirement of a colorable federal defense was tied to the words "under color of office" in the statute, federal agencies need not provide a colorable federal defense because "under color of office" language applies only to federal officers or agents), *and City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 n.2 (11th Cir. 2003) (recognizing that "it remains to be decided whether the requirement of a federal defense also applies to removal by the United States or one of its agencies" but declining to decide because the removing entity asserted the federal defense of sovereign immunity).

**Notice of Removal – Page 3**

colorable federal defense must be asserted, because AAFES is asserting at least one such defense: the defense of sovereign immunity. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). AAFES is entitled to sovereign immunity as an agency of the federal government because Williams is asserting a tort claim (a claim for libel), yet fails to show that sovereign immunity has been waived to allow such a claim against AAFES. In fact, the Federal Tort Claims Act provides a limited waiver of sovereign immunity for certain tort claims against the government, but vests exclusive jurisdiction for such claims in the federal district courts. Accordingly, no jurisdiction exists for tort claims filed against federal entities in state court, and such jurisdictional deficiency continues to exist and is a defense hereby asserted by AAFES, and supports removal of this case under section 1442(a)(1). *See also Lopez v. Sentrillon Corp.*, 749 F.3d 347, 348, 350–51 (5th Cir. 2014); *Morgan v. FBI*, No. A-16-CV-1290-LY, 2017 WL 1322251, at *2 (W.D. Tex. Apr. 10, 2017); *see also Galvin v. OSHA*, 860 F.2d 181, 183 & n.2 (5th Cir. 1988). In addition, the Federal Tort Claims Act does not allow for claims against a federal agency—rather, the exclusive proper defendant is the United States itself—and also does not waive immunity for libel claims. Moreover, there is an administrative-claim requirement that acts as a jurisdictional bar to suit if not satisfied, and Williams does not allege that he properly and timely submitted an appropriate administrative claim. These are additional federal defenses asserted by AAFES and that support removal. *See also Martin v. Hyundai Translead, Inc.*, No. 3:20-

CV-2147-K, 2020 WL 6701806, at *3–*4 (N.D. Tex. Nov. 13, 2020) (dismissing tort claims originally filed against AAFES in state court).

*    *    *    *

This case is subject to removal pursuant to 28 U.S.C. § 1442(a)(1) and is hereby removed.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant