IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK WILLIAMS, § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 3:21-CV-2085-G-BH | |
| § | | |
| ARMY AND AIR FORCE EXCHANGE § | | |
| SERVICE, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the *Defendant's Motion to Dismiss for Lack of Jurisdiction*, filed September 07, 2021 (doc. 7). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

On August 5, 2021, Jack Williams (Plaintiff) sued the Army and Air Force Exchange Service (Defendant), in the Justice of the Peace Court, Precinct 5, Place 1, of Dallas County, Texas, alleging libel. (doc. 1-6.) [2] His two-sentence complaint states:

> The Defendant has monthly published libel things about the last four years. This libel has been see[sic] by at least eleven people/companies and damaged me with declines of mortgage loans despite my having a very qualified credit score, income, assets and employment (the factors which make mortgage loans close).

(*Id.*) He seeks $4,000 in damages. (*Id.*) On August 31, 2021, Defendant removed this action to

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

federal court under 28 U.S.C § 1442(a)(1). (doc. 1.) It subsequently moved to dismiss this action for lack of subject matter jurisdiction on September 07, 2021. (doc. 7.) Plaintiff did not respond.

## II.  MOTION TO DISMISS

Defendant moves to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 7.)

**A.  <u>Legal Standard</u>**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*.

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of the jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of the attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, because the Rule 12(b)(1) motion to dismiss relies solely on Plaintiff's original state court petition, it presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Bridgewater v. Double Diamond-Delaware*, Inc., No. 3:09-CV-1758-B, 2010 U.S. Dist. LEXIS 45790, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 U.S. Dist. LEXIS 101474, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

B. **Sovereign Immunity**

Defendant first moves to dismiss based on sovereign immunity. (doc. 7 at 3.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491, 128 S. Ct. 1931, 170 L. Ed. 2d 887 (2008). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671–2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477–78.

1. *Improper Defendant*

Defendant argues that Plaintiff failed to identify a waiver of immunity that would allow a claim against it, and that it is an improper party for his FTCA claim. (doc. 7 at 3.)

As a federal agency and an arm of the government, Defendant "[partakes] [in] whatever immunities it may have under the constitution and federal statutes." *Standard Oil Co. v. Johnson*, 316 U.S. 481, 485, 62 S. Ct. 1168, 86 L. Ed. 1611 (1941) (holding that post exchanges are arms of the government deemed by it essential for the performance of governmental functions); *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733–34, 102 S. Ct. 2118, 72 L. Ed. 2d 520 (1982) (first alteration in original) (citations omitted); *see also Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147-K, 2020 U.S. Dist. LEXIS 212923, 2020 WL 6701806, at *8–9 (N.D. Tex. Nov. 13, 2020). A suit therefore cannot be brought against Defendant without an express unequivocal waiver of sovereign immunity. *See Freeman,* 556 F.3d at 335.

Although the FTCA waives sovereign immunity for a tort claim, an agency not a proper defendant in an FTCA claim. 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). The only proper defendant in an FTCA action is the United States. *Id*. Consequently, claims against federal agencies under the FTCA are properly dismissed for lack of jurisdiction, and Plaintiff's FTCA claim against Defendant should be dismissed. *Galvin*, 860 F.2d at 183; *see also Martin v. Hyundai Translead, Inc*., No. 3:20-CV-2147-K, 2020 U.S. Dist. LEXIS 212923, 2020 WL 6701806, at *4 (N.D. Tex. Nov. 13, 2020) (dismissing FTCA claims against AAFES for lack of jurisdiction).

2. *Intentional Tort Exception*

Defendant also argues that the FTCA's intentional tort exception, 28 U.S.C. § 2690(h), preserves the government's immunity against Plaintiff's libel claim. (doc. 7 at 4.)

Under the intentional tort exception, the federal courts generally lack FTCA jurisdiction over "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). This exception itself has an exception, however. The "law enforcement proviso" to the intentional tort exception "extends the waiver of sovereign immunity to claims for six intentional torts that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Millbrook v. United States*, 569 U.S. 50, 52, 133 S. Ct 1441, 185 L. Ed. 2d 531 (2013) (citing 28 U.S.C. § 2680(h)). In short, if the "law enforcement proviso" applies, sovereign immunity is waived. *Id*.

Here, Plaintiff asserts a claim of libel, which falls within the scope of the intentional tort exception. (doc. 1-6.); 28 U.S.C. § 2680(h). He does not allege any facts to show that the "law enforcement proviso" exception applies here. His libel claim against Defendant is barred by the intentional tort exception of the FTCA and is also subject to dismissal on this basis. *See Wieland v. Carter*, No. 3:16-CV-0202-G, 2016 U.S. Dis. LEXIS 89623, 2016 WL 3669891, at *3 (N.D. Tex. July 11, 2016) (dismissing libel claim under FTCA against AAFES employees).

3. *Exhaustion of Remedies*

Finally, even if his claims against Defendant are liberally construed as asserted against the United States, Plaintiff must exhaust his administrative remedies before filing suit. *See McNeil v.*

6

*United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2765(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (per curiam).

Here, Plaintiff has not alleged or shown that he has met the jurisdictional prerequisite by exhausting administrative remedies in compliance with § 2675(a) by first presenting his claim to the appropriate federal agency, or that his exhaustion requirement should be excused. Consequently, he has not met his burden of establishing federal jurisdiction over his tort claim, and it is also subject to dismissal on this basis. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981); *see also Jones v. United States*, No. 3:18-CV-1738-N, 2018 U.S. Dist. LEXIS 221180, 2018 WL 7286176, at *3 (N.D. Tex. Dec. 31, 2018) (dismissing FTCA claims for failure to exhaust administrative remedies).

## C. Doctrine of Derivative Jurisdiction

Defendant also argues that subject matter jurisdiction is lacking based on the doctrine of derivative jurisdiction. (doc. 7 at 4–6.)

Under the doctrine of derivative jurisdiction, "when a case is removed from state to federal

court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "[W]here the state court lacks jurisdiction of the subject matter of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."³ *Id* (citations omitted).

Here, Plaintiff originally filed his lawsuit in state court, and Defendant then removed it to federal court. (*See* docs. 1; 1-4; 1-5; 1-6.) Federal district courts have exclusive jurisdiction over cases arising under the FTCA. 28 U.S.C. § 1346(b). Consequently, the state court lacked subject matter jurisdiction over Defendant when Plaintiff filed his lawsuit, and this Court did not acquire jurisdiction upon removal. *See Lopez*, 749 F.3d at 350. Plaintiff's FTCA claim against Defendant may therefore also be dismissed for lack of jurisdiction on this basis. *See id* (dismissing FTCA claims against a federal agency where case was originally filed in state court for lack of subject matter jurisdiction); *see also Martin*, 2020 U.S. Dist. LEXIS 212923, 2020 WL 6701806, at *4 (dismissing FTCA claims against AAFES for lack of subject matter jurisdiction where case was originally filed in state court).

### III. RECOMMENDATION

Defendant's motion to dismiss for lack of jurisdiction should be **GRANTED**, and all of Plaintiff's claims against it should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[3] The doctrine of derivative jurisdiction no longer applies to cases removed under 28 U.S.C. § 1441. 28 U.S.C § 1441(f); *Lopez*, 749 F.3d at 350. The Fifth Circuit has held that the doctrine of derivative jurisdiction still applies to cases removed under 28 U.S.C. § 1442, like this one, however. *See Lopez*, 749 F.3d at 351.

**SO RECOMMENDED** on this 28th day of April, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE